Jason C. Marsili (SBN 233980)
**ROSEN MARISILI RAPP LLP**
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA  90010
phone:  (213) 389-6050
facsimile:  (213) 389-0663
jmarsili@rmrllp.com

Maureen A. Salas*
**Werman Salas P.C.**
77 West Washington Street, Suite 1402
Chicago, IL 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025
Email: msalas@flsalaw.com

Sally J. Abrahamson*
**Werman Salas P.C.**
335 18th Pl. NE
Washington, D.C. 20002
Phone No.: (202) 744-1407
Fax No.: (312) 419-1025
Email: sabrahamson@flsalaw.com

Benjamin L. Davis, III*
Kelly A. Burgy*
**The Law Offices of Peter T. Nicholl**
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone No.: (410) 244-7005
Fax No.:  (410) 244-8454
Email : bdavis@nicholllaw.com
Email : kaburgy@nicholllaw.com

*pro hac vice* applications forthcoming

*Attorneys for Plaintiff and the proposed
Collective and Class members*

1
2
3
4
5
6
7
8

9          **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA**

11            **WESTERN DIVISION**

12

| | |
|---|---|
| JESSICA COOK, an individual, on behalf of herself and all others similarly situated, | CASE NO. |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiff, | (Jury Trial Demanded) |
| v. | |
| KFORCE, INC., | |
| Defendant. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jessica Cook ("Plaintiff"), on behalf of herself and all other persons similarly situated, known and unknown, files this Complaint against KForce, Inc. ("Defendant"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 80 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

3. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims because those claims derive from a common nucleus of operative fact.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. The Court has personal jurisdiction over Defendant because it does business in California in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## SUMMARY OF CLAIMS

7. This lawsuit seeks to recover wages owed to Plaintiff and her similarly situated co-workers, who worked for Defendant in the State of California as Recruiters and were classified as exempt from the state and federal overtime laws. The term Recruiter shall include, but not be limited to, the following job titles: Technical Recruiter, Health Care Recruiter, Talent Associates, Talent Associate

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Searches, Talent Associate FAs, Talent Representatives, Talent Representative Searches, Talent Representative FAs, National Delivery Associate Techs, National Delivery Associate FAs, National Delivery Representative FAs, and National Delivery Representative Techs (collectively referred to as "Class Members" and/or "Recruiters") under the FLSA, 29 U.S.C. § 201 *et seq.*; Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194; California Wage Payment Provisions, Cal. Labor Code §§ 201-03; California Meal and Rest Period Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512; and California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

8.    Defendant is a professional staffing agency that provides staffing services to its clients.

9.    Plaintiff worked for Defendant as a Talent Representative.

10.    Defendant paid Plaintiff a salary.

11.    Plaintiff was eligible to receive commissions.

12.    Plaintiff earned less than $1,000 in commissions during her employment with Defendant.

13.    In one or more workweeks during the last three years, Plaintiff worked in excess of 40 hours.  In one or more workdays in the last four years, Plaintiff worked in excess of eight (8) hours in a workday.

14.    Defendant classified Plaintiff and other Recruiters as exempt from state and federal overtime laws and did not pay them overtime wages when they worked over 40 hours in one or more individual workweeks or more than eight (8) hours in one or more workdays.

15.    Defendant misclassified Plaintiff and other Recruiters as exempt from state and federal overtime laws.

16.    Defendant's practices violate the FLSA and the state laws pled herein. Plaintiff seeks declaratory relief; overtime compensation for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages and

penalties as permitted by applicable law; other benefits recoverable under applicable law and interest; and attorneys' fees and costs.

### SUMMARY OF COLLECTIVE AND CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action on behalf of herself and all persons who have worked for Defendant as Recruiters in any state other than Pennsylvania, at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "FLSA Period"). This group is hereinafter referred to as the "FLSA Collective."

18.     The proposed FLSA Collective includes: all current and former Recruiters who performed recruiting services for Defendant and were or are classified as exempt from overtime within three years of the filing of their consent to join.

19.     Plaintiff also brings this action on behalf of all persons who have worked for Defendant in California as exempt-classified Recruiters at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period").

20.     The California Class is hereinafter referred to as the "State Law Class."

### THE PARTIES

21.     Plaintiff Jessica Cook is a resident of Covina, California.

22.     Plaintiff was employed by Defendant as a Recruiter from approximately March 2018 to November 2018.

23.     Plaintiff worked out of Defendant's Glendale, California and Culver City, California offices.

24.     During the relevant periods, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and applied in Cal. Lab. Code §1171.

25.     Defendant is a corporation organized and existing under the laws of the State of Florida.

26.     Defendant maintains its corporate headquarters in Tampa, Florida.

27.     Defendant conducts business throughout the United States and has offices in Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Kansas, Kentucky, Maryland, Massachusetts, Michigan, Missouri, North Carolina, New York, Ohio, Oregon, Pennsylvania, Texas, Utah, Virginia, Washington, and Wisconsin.

28.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

29.     At all times relevant hereto, Defendant's annual dollar volume of business has exceeded $500,000.00 per year.

30.     At all times relevant hereto, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and Cal. Lab. Code §1171.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

31.     Defendant employs Account Managers who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position that a client is trying to fill.  Clients advise Account Managers of the specific credentials and qualifications required of a candidate.  Account Managers in turn provide this information to Talent Acquisition Managers and Recruiting Managers.

32.     Defendant's Talent Acquisition Managers and Recruiting Managers supervise Recruiters and inform Recruiters of a client's hiring needs.

33.     Recruiters are required to follow specific protocols to find candidates who were qualified for open positions.  Recruiters were primarily responsible for searching employment databases, including Indeed, Monster, LinkedIn, Careerbuilder, and Defendant's internal system RecruitMax, to assemble a list of names of potential candidates.  Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

COLLECTIVE AND CLASS ACTION COMPLAINT

34.     Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

35.     Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.  Recruiters do not have decision making authority.

36.     Recruiters are not permitted to create or use their own recruiting strategies.

37.     Recruiters are required to screen candidates according to Defendant's processes and procedures.

38.     Due to Defendant's productivity demands, Plaintiff and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 5:00 p.m. They would also regularly work through their lunch periods and on nights and weekends.

39.     Plaintiff and other Recruiters routinely worked more than eight (8) hours each day and more than 50 hours each week.  Working overtime was integral to their employment.

40.     Defendant classified Plaintiff and other Recruiters as exempt and did not pay them overtime wages for the hours they worked over 40 in a work week and/or eight (8) in a work day.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings the First Claim for Relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA against Defendant on behalf of herself and those similarly situated.  The proposed FLSA collective class is defined as:

> All persons employed by Defendant in the last three years as salaried Recruiters who were classified as exempt.  Excluded from the proposed FLSA collective class are Recruiters who worked for Defendant in Pennsylvania.

COLLECTIVE AND CLASS ACTION COMPLAINT

42.    Plaintiff is similarly situated to members of the FLSA collective because they were paid in the same manner and performed the same primary job duties.

43.    In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

44.    Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

45.    Of employees classified as exempt who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

46.    Defendant has the names and addresses for individuals who are eligible to join the FLSA collective.

47.    Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

## CALIFORNIA CLASS ACTION ALLEGATIONS

48.    Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all California class members, defined in paragraph 19.

49.    **Numerosity** (Fed. R. Civ. P. 23(a)(1)) – The California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period, Defendant has employed at least 50 persons who satisfy the definition of the California Class.

50.    **Commonality** (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully classified the California Class members as exempt from overtime;

b.     Whether the California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.     Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001;

d.     Whether Defendant's policy and practice of classifying the California Class as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

e.     Whether Defendant unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

f.     Whether Defendant unlawfully failed to provide California Class members with meal and rest breaks, in violation of Labor Code §§ 226.7 and 512;

g.     Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

h.     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

51.     **Typicality** (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of the California Class's claims.  Plaintiff, like the California Class, was subjected to Defendant's policy and practice of refusing to pay overtime in violation of California

7

law.  Plaintiff's job duties were typical of those of the California Class.

52.    **Adequacy** (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the California Class.

53.    **Adequacy of counsel** (Fed. R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.  Plaintiff's counsel has litigated numerous class actions on behalf of employees asserting overtime misclassification claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class members.

54.    **Predominance and Superiority** (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat the California Class as exempt from overtime pay requirements.  The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

55.    **Notice** (Fed. R. Civ. P. 23(c)(2)(B)) –Plaintiff intends to send notice to all California Class members consistent with the requirements of Fed. R. Civ. P. 23.

## **FIRST CLAIM FOR RELIEF**

### **(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**

### **Brought by Plaintiff on Behalf of Herself and the FLSA Collective)**

56.    Plaintiff, on behalf of herself and all members of the FLSA Collective, realleges and incorporates by reference all other paragraphs as if they were set forth

again herein.

57.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiff and the FLSA Collective.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

58.     Plaintiff's signed Consent to Sue form has been filed, pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs in asserting this claim in the future.

59.     The FLSA requires each covered employer, including Defendant, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

60.     Under the FLSA, the FLSA Collective are employees who are entitled to be paid overtime compensation for all overtime hours worked.

61.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to the FLSA Collective for their hours worked in excess of 40 hours per week.

62.     By failing to compensate Plaintiff and the FLSA Collective at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

63.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA,

29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

64.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

66.     Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194,

### Brought by Plaintiff on Behalf of Herself and the California Class)

67.     Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

68.     California law requires an employer, such as Defendant, to pay overtime compensation to all nonexempt employees for all hours worked over 40 per week, or over eight per day.

69.     Under California law, Plaintiff and the California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

70.     Throughout the California Class Period, and continuing through the present, Plaintiff and the California Class worked in excess of eight hours in a workday and/or 40 hours in a workweek.

71.     During the California Class Period, Defendant misclassified Plaintiff and the California Class as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

72.     As a direct and proximate result of Defendant's unlawful conduct, as set

**COLLECTIVE AND CLASS ACTION COMPLAINT**

forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## THIRD CLAIM FOR RELIEF

**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by Plaintiff on Behalf of Herself and the California Class)**

73.     Plaintiff, on behalf of herself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

74.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

75.     Plaintiff and all California Class members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

76.     More than 30 days have passed since Plaintiff and certain California Class members left Defendant's employ.

77.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

**(California Wage Statement Provisions, Cal. Labor Code §§ 226, 1174 Brought by Plaintiff on Behalf of Herself and the California Class)**

78.     Plaintiff, on behalf of herself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

79.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by Plaintiff and the California Class as required under California Labor Code § 1174(d).

80.     Plaintiff and the California Class are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period.

<u>**FIFTH CLAIM FOR RELIEF**</u>

**(California Meal And Rest Period Provisions,**

**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512,**

**Brought by Plaintiff on Behalf of Herself and the California Class)**

81.     Plaintiff, on behalf of herself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

82.     Plaintiff and the California Class regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

83.     In addition, Plaintiff and the California Class regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code § 226.7 and Wage Order No. 4-2001, § 12.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

84.     As a result of Defendant's failure to afford proper meal periods, it is liable to Plaintiff and the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

85.     As a result of Defendant's failure to afford proper rest periods, it is liable to Plaintiff and the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

## SIXTH CLAIM FOR RELIEF

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, Brought by Plaintiff on Behalf of Herself and the California Class)**

86.     Plaintiff, on behalf of herself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

87.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

88.     Within the four years before the filing of this action, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the California Class.

89.     Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a.     The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

1

      b.     California Labor Code § 1194;

2

      c.     California Labor Code §§ 201, 202, 203, 226, 226.7, and 512;

3

      d.     California Labor Code § 1174; and

4

      e.     California Labor Code § 510.

5          90.    Defendant's course of conduct, acts, and practices in violation of the

6 California laws mentioned in the above paragraph constitute a separate and

7 independent violation of the UCL.  Defendant's conduct described herein violates

8 the policy or spirit of such laws or otherwise significantly threatens or harms

9 competition.

10         91.    The unlawful and unfair business practices and acts of Defendant,

11 described above, have injured California Class members in that they were

12 wrongfully denied the payment of earned overtime wages.

13         92.    Plaintiff, on behalf of herself and the California Class, seeks restitution

14 in the amount of the respective unpaid wages earned and due at a rate of at least one

15 and one-half times the regular rate of pay for work performed in excess of 40 hours

16 in a workweek, or eight hours in a day, and double the regular rate of pay for work

17 performed in excess of twelve hours per day.

18         93.    Plaintiff, on behalf of herself and the California Class, seeks recovery of

19 attorneys' fees and costs of this action to be paid by Defendant, as provided by the

20 UCL and California Labor Code §§ 218, 218.5, and 1194.

21 **PRAYER FOR RELIEF**

22         WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA

23 Class, prays for relief as follows:

24         a.    Designation of this action as a collective action on behalf of the FLSA

25 Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

26 similarly situated members of the FLSA Collective, apprising them of the pendency

27 of this action, and permitting them to assert timely FLSA claims in this action by

28 filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

**COLLECTIVE AND CLASS ACTION COMPLAINT**

b.      Designation of Plaintiff as Representative of the FLSA Collective;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

e.      Costs of action incurred herein, including expert fees;

f.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

g.      Pre-judgment and post-judgment interest, as provided by law; and

h.      Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, Plaintiff, on behalf of herself and the California Class, prays for relief as follows:

i.      Certification of this action as a class action on behalf of the California Class;

j.      Designation of Plaintiff as Representative of the California Class;

k.      Designation of Plaintiff's counsel of record as Class Counsel for the California Class;

l.      A declaratory judgment that the practices complained of herein are unlawful under applicable state law;

m.      Appropriate injunctive and equitable relief, including an order enjoining Defendant from continuing its unlawful practices;

n.      Appropriate statutory penalties;

o.      Appropriate civil penalties;

p.      An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

q.      Pre-judgment and post-judgment interest, as provided by law;

r.      Such other injunctive and equitable relief as the Court may deem just and proper; and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

s.     Attorneys' fees and costs of suit, including expert fees and costs.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

**Date:**  March 15, 2021                                        Respectfully submitted,

/s/
Jason C. Marsili (SBN 233980)
Rosen Marsili Rapp LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010
Phone No.: (213) 389-6050
Fax No.: (213) 389-0663
Email: jmarsili@rmrllp.com

Maureen A. Salas*
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602
Phone No.: (312) 419-1008
Fax No.: (312) 419-1025
Email: msalas@flsalaw.com

Sally J. Abrahamson*
Werman Salas P.C.
335 18th Pl. NE
Washington, D.C. 20002
Phone No.: (202) 744-1407
Fax No.: (312) 419-1025
Email: sabrahamson@flsalaw.com

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Benjamin L. Davis, III*
Kelly A. Burgy*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone No.: (410) 244-7005
Fax No.:  (410) 244-8454
Email : bdavis@nicholllaw.com
Email : kaburgy@nicholllaw.com

***Attorneys for Plaintiff and the
proposed Collective and Class
members***

*Application for admission *pro hac vice*
forthcoming